FILED

2013 AUG 20 P 4: 13

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | CR 13 - 076S |
| VICTOR BURGOS<br>a/k/a "Fat Boy" | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, Victor Burgos, a/k/a "Fat Boy," have reached the following agreement:

1. Defendant's Obligations:

   a. Defendant will plead guilty to the Indictment which charges the defendant in Count I with distribution of a mixture and substance containing a detectable amount of Fentanyl Acetyl analogue, in violation of 21 U.S.C. §§ 841(a)(1) and 21 U.S.C. §§ 841(b)(1)(c); in Count II with possession with intent to distribute a mixture and substance containing a detectable amount of Fentanyl Acetyl analogue, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c); and in Count III with tampering with a witness by threat of physical force in violation of 18 U.S.C. § 1512(a)(2)(A).

   b. Defendant agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. ' 3161.

2. Government's Obligations. In exchange for Defendant's pleas of guilty:

a. The government will recommend that the Court impose a term of imprisonment within the guidelines range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines"), but not including probation or a "split-sentence," even if permitted under the guidelines.

b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable

sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and Defendant stipulate and agree to the following facts under the guidelines:

   a. On May 14, 2013, Defendant unlawfully distributed a controlled substance to a cooperating witness of the Drug Enforcement Administration. The controlled substance which Defendant distributed to the cooperating witness was determined to be Fentanyl Acetyl analogue.

   b. On May 16, 2013, the Defendant possessed with the intent to distribute a controlled substance. The controlled substance which the Defendant possessed with the intent to distribute was determined to be Fentanyl Acetyl analogue.

   c. The parties agree to recommend to the Court at sentencing that these two offenses involved at least 10 grams but less than 40 grams of Fentanyl Acetyl analogue, warranting a base offense level of 26 under U.S.S.G. § 2D1.1(c)(7).

5. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offense to which defendant is pleading are as follows:

  a. As to Count I of the Indictment, twenty years imprisonment; a fine of $1,000,000; a term of supervised release not more than three years; and a mandatory special assessment of $100.

  b. As to Count II of the Indictment, twenty years imprisonment; a fine of $1,000,000; a term of supervised release not more than three years; and a mandatory special assessment of $100.

  c. As to Count III of the Indictment twenty years imprisonment; a fine of $250,000; a term of supervised release not more than three years; and a mandatory special assessment of $100.

  d. If imposed consecutively, the maximum penalties for all offenses to which is pleading guilty are sixty years imprisonment; a fine of $2,250,000.00; and a term of supervised release not more than nine years. The mandatory special assessment totals $300.

 7. Defendant agrees that, after Defendant and Defendant's counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

 8. Defendant is advised and understands that:

    a.    The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

    b.    Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

    c.    Defendant has the right to a jury trial;

    d.    Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

    e.    Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

    f.    Defendant waives these trial rights if the Court accepts a plea of guilty.

9.    The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10.    Except for paragraph 2 and 4 above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

12. Defendant hereby waives Defendant's right to appeal the convictions and sentences imposed by the Court, if the sentences imposed by the Court are within or below the sentencing guideline range determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities. This agreement relates only to the acts charged in the Indictment.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

17. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_____      _8-13-13_____
VICTOR BURGOS                                                     Date
Defendant

_____      _8/13/13_____
JUDITH CROWELL                                              Date
Counsel for Defendant

_____      _8/20/2013_____
PAMELA E. CHIN                                              Date

Assistant U.S. Attorney

_____
STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
Chief, Criminal Division

08/20/2013
Date